United States District Court
Middle District of Florida
Jacksonville Division

**MARK DYE,**

    *Plaintiff,*

v.                                                                       **NO. 3:23-CV-692-WWB-PDB**

**OMNI HOTELS MANAGEMENT CORPORATION,**

    *Defendant.*

---

# Order

    The plaintiff moves to seal Exhibits 1, 2, and 4 to his response to the defendant's motion for summary judgment. Doc. 35; *see* S-Docs. 28-1/30-1, 28-2/30-2, 28-4/30-3. The defendant moves to seal Exhibit 4, to strike Exhibits 1 and 2 from the plaintiff's response, and to permit the plaintiff to re-submit redacted versions if the plaintiff believes consideration of the exhibits is necessary. Doc. 36.

    In determining whether a paper should be sealed, a court's discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). The presumption applies to any paper attached to a document that invokes judicial resolution on the merits, including a motion for summary judgment. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63−64 (11th Cir. 2013).

    The presumption of public access is not absolute; if a party requests sealing, the court must consider the nature and character of the information and balance the public's right of access against a party's interest in

confidentiality. *Perez-Guerrero*, 717 F.3d at 1235. The balancing depends on the facts and circumstances. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Pertinent factors include whether allowing public access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Local Rule 1.11 explains, "Sealing a docketed item … used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a). Under Rule 1.11, the movant "must establish: (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory[.]" *Id.* at 1.11(b)(3).

Rule 5.2, Federal Rules of Civil Procedure, protects privacy. The rule provides:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and

>> (4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). The rule adds:

>> (e) PROTECTIVE ORDERS. For good cause, the court may by order in a case:
>>
>> (1) require redaction of additional information; or
>>
>> (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

*Id.* 5.2(e).

Here, the presumption applies because the plaintiff submits the exhibits with his response to the defendant's motion for summary judgment, Doc. 28, and thereby asks the Court to use them "in the adjudication or other resolution of a claim or defense[.]" *See* Local Rule 1.11(a) (quoted).

Exhibit 1 details work orders for an employee of the defendant, S-Docs. 28-1/30-1, and Exhibit 2 is the employee's time records, S-Docs. 28-2/30-2. The plaintiff states, "Sealing these documents is necessary as they have been deemed confidential, along with the information therein." Doc. 35 at 3. Local Rule 1.11(a) makes clear that sealing "is not authorized by a confidentiality agreement, … a designation of confidentiality, or a stipulation." The plaintiff fails to present a "reason sufficiently compelling to overcome the presumption of public access" to Exhibits 1 and 2. *See* Local Rule 1.11(a) (quoted).

The defendant wants Exhibits 1 and 2 struck or redacted to "protect the identify of Defendant's employee" because "the employee's personal identity is irrelevant." Doc. 36 at 4. The defendant fails to present a "reason sufficiently compelling to overcome the presumption of public access" to Exhibits 1 and 2. *See* Local Rule 1.11(a) (quoted). The employee's name is not protected information. *See* Fed. R. Civ. P. 5.2. Moreover, the employee's name is on the

3

public docket in the plaintiff's motion to seal, Doc. 35 at 1–2, the plaintiff's response to the motion for summary judgment, Doc. 28 at 12, and the plaintiff's previously filed motions to strike and to seal, Doc. 29 at 2; Doc. 30 at 1–2.

Exhibit 4 is the defendant's "Loss Prevention Standard, Water Management Plan, and Operational Standard for Swimming Pool/Spa & Decorative Fountain." S-Docs. 28-4/30-3. The plaintiff has established that filing Exhibit 4 is necessary. He submits Exhibit 4 "to show the lack of a proper policy, or implementation of practices which should have kept the area where Plaintiff was injured free of hazards" and "to prove that but for these deficient policies, Defendant could have found that the hazard existed." Doc. 35 at 2. The parties present a compelling reason for sealing Exhibit 4; specifically, Exhibit 4 contains the defendant's confidential and proprietary internal guidelines, which are not available to the public. Doc. 35 at 2; Doc. 36 at 5.

The defendant complains that the plaintiff failed to comply with the parties' confidentiality agreement. Doc. 36 at 2. The plaintiff, however, filed Exhibits 1, 2, and 4 under seal, with an appropriate motion to seal under Local Rule 1.11.

The Court **grants** the motions, Docs. 35, 36, to the extent Exhibit 4 remains under seal. S-Docs. 28-4/30-3. In accordance with Local Rule 1.11(e), the seal "expires ninety days after the case is closed and all appeals are exhausted." The Court **denies** the motions, Docs. 35, 36, in all other respects. No earlier than **September 27, 2024**, the clerk must unseal Exhibits 1 and 2. S-Docs. 28-1/30-1, 28-2/30-2. Despite the ruling in this order, Exhibit 4 may become part of the public record if admitted at trial.

**Ordered** in Jacksonville, Florida, on September 12, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

5