UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK DYE,

        Plaintiff,

v.                                                        Case No.: 3:23-cv-692-WWB-PDB

OMNI HOTELS MANAGEMENT
CORPORATION,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion for Summary Judgment (Doc. 27), Plaintiff's Response in Opposition (Doc. 28), and Defendant's Reply (Doc. 33). For the reasons set forth below, Defendant's Motion will be denied.

**I.    BACKGROUND**

Plaintiff Mark Dye stayed at Defendant Omni Hotels Management Corporation's Omni Amelia Island Resort while attending a dental conference in July 2022. (Doc. 27-1 at 29:12–25, 30:14–16). On July 22, 2022, Plaintiff walked to the pool area around 11:30 a.m. to meet his family. (*Id.* at 31:1–4, 32:10–18). When Plaintiff's daughter asked him to swim with her, Plaintiff stepped into the pool and slipped on the first step, resulting in an injury to his ankle that ultimately required surgical repair. (*Id.* at 34:1–4, 38:8–12, 63:4–10). Plaintiff was looking at the pool floor when he entered the pool. (*Id.* at 38:11–16). After his fall, Plaintiff entered the pool to take weight off his injured leg and asked others if they noticed that the pool was slick, to which other pool users agreed the surface was "pretty slick." (*Id.* at 46:7–13). Plaintiff did not see a foreign substance on the pool

step, but stated that the step felt "slimy," "slippery," and "greasy" to the touch at the time of his fall.  (*Id.* at 46:16–47:9).  Plaintiff's friend helped him out of the pool and back to the table, where Plaintiff asked the waitress to inform someone in management about the incident.  (*Id.* at 49:13–14, 50:19–23).  A manager and medical staff came to Plaintiff's table and then he was taken to the hospital by ambulance.  (*Id.* at 51:9–15).

Plaintiff testified that one of Defendant's employees told him that the resort had a problem with sunscreen settling at the bottom of the pool and making it slick, although Plaintiff could not remember which employee told him that.  (*Id.* at 57:17–58:1, 59:1–5).  Another individual that was at the table when Plaintiff returned did not hear the statement but was told by Plaintiff's then-wife quickly thereafter that the statement was made by their server.  (Doc. 27-7 at 37:2–22).  Specifically, Plaintiff's companion recalls being told that the waitress stated that sunscreen collecting on the stairs and making them slick "was a common issue."  (*Id.* at 39:1–3).

Plaintiff was also later informed by another guest, Lynn Trumm, that she saw several people slip getting into the pool over the course of a two-day period.  (Doc. 27-1 at 70:23–71:2, 72:13–73:3).  Trumm testified that on the day of the incident and the day prior, she was watching her grandchildren near the entrance to the pool where Plaintiff was injured.  (Doc. 27-5 at 9:16–18, 10:18–11:10, 11:15–12:22, 22:18–23:1).  During that time, she saw "numerous people" slip on the steps while entering the pool.  (*Id.* at 15:3–8, 16:1–14, 17:8–13, 23:21–24:11).  She stated that she saw four or five people slip on Thursday and more on Friday, although she could not recall if she saw people have issues before or after Plaintiff's accident on Friday.  (*Id.* at 16:9–10, 23:25–24:1, 31:19–25).  Trumm was not sure exactly which step people slipped on.  (*Id.* at 19:14–23, 24:12–15,

2

40:1–5). Trumm mentioned the slipperiness of the steps to a waitress. (*Id.* at 37:1–5, 40:15–19). Although she was not sure when she made the statement, it was probably before Plaintiff's fall. (*Id.* at 37:14–21, 40:20–41:2).

Additionally, another guest and friend of Plaintiff's, Suzanne Curry, slipped and fell while entering a pool on the property the day after Plaintiff's accident. (Doc. 27-1 at 75:17–76:3). Curry ran into Plaintiff's then-wife Friday night at the hotel and was informed about Plaintiff's accident that day at the pool. (Doc. 27-6 at 11:4–14). The following day, when entering the adult pool, adjacent to the pool in which Plaintiff's accident occurred, Curry slipped and described the entry as slippery. (*Id.* at 13:3–20, 14:17–21, 16:3–5). Curry was not aware of the cause of the slipperiness. (*Id.* at 17:9–12). Curry was not injured and did not report the incident to resort employees. (*Id.* at 17:20–18:7, 21:9–12).

Bobby Morrison was a loss prevention officer at the Omni Amelia Island Resort at the time of Plaintiff's accident, which entailed monitoring the property for the safety and well-being of guests and employees. (Doc. 27-2 at 10:3–14, 11:10–23). Morrison responded to the incident and investigated the condition of the deck following Plaintiff's fall, but he only visually inspected the pool step because employees were not permitted to enter the pool. (*Id.* at 13:23–14:10, 21:12–25). However, Morrison testified that the pool was cleaned and tested daily. (*Id.* at 22:12–21). Morrison did not recall ever being informed that the pool surface or steps were slippery or slick. (*Id.* at 24:16–25). Morrison did testify that he was aware of the possibility that sunscreen can be transferred to the surface of the pool, but he was unaware of any issues with sunscreen in the pool where Plaintiff's fall occurred. (*Id.* at 25:3–19). Another employee that worked at the nearby restaurant was also unaware of other falls in the area or complaints regarding the pool

3

surface. (Doc. 27-3 at 13:4–17, 16:13–14). Additionally, the head of the loss prevention department was unaware of complaints regarding the pool surface being slick or a film existing from sunscreen, and he was not aware of any other falls that had occurred in the area while he worked at the resort. (Doc. 27-4 at 9:14–16, 20:15–21:19, 30:17–21).

In 2015, another individual was injured while entering the pool at the Omni Amelia Island Resort. (Doc. 28-3 at 8–9). In connection with a lawsuit arising from that incident, another person staying at the resort at the same time noted that he had observed that the stairs to enter the pool were slick and speculated that excess sunscreen in the pool could be the cause or a contributing factor. (*Id.* at 11–14).

As a result of his accident, Plaintiff seeks damages against Defendant for negligence. (*See generally* Doc. 6).

## II.   LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.* "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

## III.   DISCUSSION

Under Florida law, "[t]o sustain a premises liability action based on a landowner's negligence, a plaintiff must prove the standard elements of a negligence claim: duty, breach of duty, proximate causation, and damages—with the added element that the landowner had possession or control of the premises when the alleged injury occurred." *Conner v. Marriott Hotel Servs., Inc.*, 559 F. Supp. 3d 1305, 1308 (M.D. Fla. 2021). The duty owed depends on the plaintiff's status on the property. *Id.* There is no dispute that Plaintiff was a business invitee at the time of his fall and, therefore, Defendant owed Plaintiff a duty of reasonable care to maintain its premises in a safe condition. *See Seaberg v. Steak N' Shake Operations, Inc.*, 154 F. Supp. 3d 1294, 1299 (M.D. Fla. 2015) ("[A] business invitee, is defined as 'one who enters upon the premises of another for purposes connected with the business of the owner or occupant of the premises.'" (quoting *Post v. Lunney*, 261 So. 2d 146, 148 (Fla. 1972))); *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017).

Where, as here, "a business invitee slips and falls on a 'transitory substance' in a business establishment as occurred here, proof of the breach element of the claim against an owner of the establishment is statutorily constrained by section 768.0755 of the Florida Statutes (2013)." *Encarnacion*, 211 So. 3d at 278 (quoting Fla. Stat. § 768.0755(1)). Pursuant to section 768.0755, to prevail on a slip and fall claim "the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.

Defendant argues that Plaintiff has failed to present sufficient evidence from which a reasonable jury could find that Defendant had either actual or constructive knowledge of the existence of a transitory substance on the pool steps at the time Plaintiff fell. Plaintiff argues that there is evidence that Defendant had both actual and constructive notice of the condition.

"Actual knowledge of a dangerous condition exists when a business's employee or agent 'knows of or creates' the dangerous condition." *Deakins v. Wal-Mart Stores E., LP*, No. 22-10993, 2024 WL 413452, at *2 (11th Cir. Feb. 5, 2024) (quoting *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001)). Here, Plaintiff argues that the statement made by an unidentified employee shortly after the accident that the resort had issues with sunscreen making the pool's surface slippery is evidence of actual knowledge. Plaintiff's argument is misplaced. Knowledge that sunscreen can, or even has in the past, caused the surface to become slippery is insufficient to establish that Defendant was aware that the step was slippery from sunscreen at the time of Plaintiff's fall. *See Struck v. Wal-Mart Stores E., LP*, No. 21-11012, 2021 WL 5052557, at *2 (11th Cir. Nov. 1, 2021) (rejecting the argument that knowledge of leaks in the roof resulting in

puddles of water in the store was sufficient to establish actual knowledge of the puddle that caused the plaintiff's fall); *Kozlowski v. Wal-Mart Stores E., LP*, No. 5:21-cv-261, 2023 WL 4350567, at *7–8 (M.D. Fla. May 19, 2023).  Here, Plaintiff did not testify that the employee told him the pool was currently slick as the result of a sunscreen buildup, just that such an occurrence was a known problem in the area.  Thus, because Plaintiff has not otherwise directed the Court to any evidence that Defendant was aware of the condition existing at the time of his fall and failed to take appropriate measures, Plaintiff has failed to present evidence of actual knowledge.

> Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1).  "While the plaintiff need not prove constructive knowledge at the summary judgment stage, if the defendant shows there are no disputed factual issues about its constructive knowledge the burden shifts to the plaintiff to offer counter-evidence sufficient to reveal a genuine issue."  *Struck*, 2021 WL 5052557, at *2.  The mere presence of a foreign substance is not enough, "[t]he record must contain additional facts to create a permissible inference that the defendant had constructive notice."  *Id.*

First, Plaintiff argues that the condition existed for a length of time sufficient to show constructive knowledge.  With respect to the length of time a condition must exist to infer constructive knowledge, "Florida's courts have found at least fifteen to twenty minutes . . . to be sufficient[,]" while "[o[]ther decisions in Florida have determined that thirteen minutes or less is not enough time."  *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th

7

1166, 1169 (11th Cir. 2023) (quotation omitted).  "[I]n the absence of direct evidence, Florida law requires that the plaintiff introduce circumstantial evidence of additional facts showing that that the substance had been on the ground for an extended period before the slip-and-fall to survive summary judgment." *Id.* at 1169–70 (quotation omitted).  Here, Plaintiff relies on the lack of record evidence regarding routine inspections of the pool or any inspections after 4:00 a.m. on the day of the accident, coupled with testimony that the surface of the pool was slippery on the day prior to the accident, to establish that the length of time the condition existed was sufficient.

As an initial matter, Defendant has presented unrebutted evidence that the pool was cleaned, including brushing and vacuuming, daily.  (Doc. 27-2 at 22:12–21; Doc. 33 at 4 n.3).  Plaintiff does not argue or present evidence that this is inaccurate, that the pool was not cleaned the morning of his fall, or that this would be insufficient to remove any buildup that might exist from the prior day.  Thus, any evidence as to the condition of the pool surface on prior days is not relevant to the length of time the condition existed on the day of Plaintiff's accident.  Furthermore, although Trumm recalled seeing people slip on Friday, she could not recall when she saw that or if it was before or after Plaintiff's fall.  Thus, her testimony fails to shed light on when the condition first existed on Friday.  Plaintiff has also presented no evidence or testimony regarding how long it takes for the sunscreen to create a buildup or when the pool opened to guests on Friday.  Without this information, a jury could only speculate as to the length of time that the condition might have existed at the time of Plaintiff's fall.  *See Struck*, 2021 WL 5052557, at *3; *Espinoza v. Target Corp.*, 843 F. App'x 168, 172–73 (11th Cir. 2021).

Alternatively, Plaintiff argues that Defendant's employee's admission that sunscreen in the pool on busy days created a slick condition coupled with the testimony of witnesses that the pool surfaces were slick on the days in question and the 2015 incident is sufficient evidence that the condition occurred with regularity and was, therefore, foreseeable.  The Court agrees.  Trumm's testimony is relevant to show that the condition existed in the general area where Plaintiff fell on multiple days, despite the purported cleaning of the pool, which leads to a reasonable inference that it was a condition that occurred with some regularity.  Additionally, although Curry fell in a different pool, a reasonable jury could infer that the pools, both in the same area and maintained by the same department, would be subject to similar issues regarding sunscreen during heavy use.  While the 2015 incident standing alone would provide little gravity, when coupled with the testimony of Trumm and Curry, it could support a reasonable inference that the resort had an ongoing and persistent problem in the area where Plaintiff fell.  Finally, the purported admission by an employee to Plaintiff that sunscreen use was a known problem in the pool area adds sufficient weight to the remaining testimony to create a genuine issue of material fact as to foreseeability.  *See Doudeau v. Target Corp.*, 572 F. App'x 970, 972 (11th Cir. 2014); *Leon v. Wal-Mart Stores E. LP*, No. 23-cv-21335, 2024 WL 552060, at *5–7 (S.D. Fla. Feb. 12, 2024); *Hernandez v. Walmart Stores, Inc.*, No. 21-cv-20861, 2022 WL 1642814, at *6 (S.D. Fla. Apr. 28, 2022); *Perez v. POP Fla. Props., LLC*, No. 20-14214-CV, 2022 WL 457847, at *3–4 (S.D. Fla. Jan. 11, 2022); *Greeley v. Wal-Mart Stores E. LP*, 337 So. 3d 478, 483 (Fla. 2d DCA 2022); *cf. Bendinelli v. Wal-Mart Stores E. LP*, No. 8:20-cv-2893, 2021 WL 5760735, at *4–5 (M.D. Fla. Dec. 2, 2021) (finding that testimony of unknown employee with unknown job who failed to specify that

he was aware of slip and falls involving similar circumstances was insufficient to overcome summary judgment).

Having determined that Plaintiff has presented sufficient evidence of constructive knowledge to withstand summary judgment, the Court will deny Defendant's Motion without addressing Plaintiff's remaining arguments.

## IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for Summary Judgment (Doc. 27) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on November 7, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record